UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:09CV-P25-M

**JONATHAN LEE RICHES**  **PLAINTIFF**
a/k/a BERNARD MADOFF
d/b/a STEVEN MICHAEL RUBINSTEIN

v.

**HARVARD BUSINESS REVIEW**
d/b/a HARVARD BUSINESS SCHOOL PUBLISHING CORP.
a/k/a HBR.ORG *et al.*  **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Jonathan Lee Riches is a convicted federal prisoner currently incarcerated at the Federal Medical Center in Lexington, Kentucky, which is located in the Eastern District of Kentucky. Plaintiff filed the instant *pro se* civil action against Harvard Business Review and twenty-two other Defendants that he collectively refers to as "Media Editors." In his handwritten complaint, he alleges *in toto* as follows:

> I, Jonathan Lee Riches moves for a Temporary Restraining order and Preliminary Injunction because I face imminent danger and Bodily, economic harm from Defendants collectively who are Media Editors who have continued to write articles of defamation of my character and they are violating my copyrighted trademarked name under the U.C.C. Uniform Commercial Code. Defendants are putting a serious burden on my Life which has caused me Panic Attacks and loss of Appetite. I now weigh 107 lbs at 5ft 10inches, I'm so weak and tired. The manner in which my sentence was Executed is unconstitonal [sic] and in violation of my 8th Amendment rights for cruel and unusual punishment. Defendants have been calling the main switchboard at FMC Lexington Kentucky Everyday trying to interview me and trying to voice transcript my life to play on Twitter.com. Defendants created web blogs on my name which puts me in danger from Identity theft victims. Defendants labeled me as a cyber Terrorist and wrote on their website that I was involved with the financing of the Mumbai Massacre in India at the [] Motel and that I hacked into the casino vault at MGM grand, they published in a Avon mail Catalog that I stole Identities of the Fortune 500 companies CEO's and that I had secret links to Bernard Madoff where I hid millions in funds in Switzerland. This is Erroneous, and the Defendants stories are fabricated on my Life. Defendants send reporters to the Front steps here to interview me or to try to post my mug shot online. Defendants sold articles to google on me. I pray this court will grant my motions for relief.

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir.1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)). The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377.

Plaintiff fails in his attempt to invoke this Court's jurisdiction under the diversity statute, 28 U.S.C. § 1332, based on his state-law claim of defamation, as he seeks only equitable relief and, therefore, fails to meet the amount in controversy required by the statute. *See* § 1332 (requiring that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs").

Under 28 U.S.C. § 1331, the Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff alleges that the method in which his sentence was executed is unconstitutional and violates the Eighth Amendment. A federal prisoner may only raise a challenge to the execution of his sentence by way of a petition for writ of habeas corpus under 28 U.S.C. § 2241, *see United States v. Peterman*, 249 F.3d 458,

461 (6th Cir. 2001) ("[Section] 2241 is appropriate for claims challenging the execution or manner in which the sentence is served."), and such an action must be brought against the official who has custody of the inmate (whom Plaintiff has not named) and in the jurisdiction where the inmate is incarcerated (which is the Eastern District of Kentucky). *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004). Plaintiff cannot bring any *Bivens* federal civil-rights action as he does not sue any federal actors, *see Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 399 U.S. 905 (1970), and he cannot bring any state civil-rights action under 42 U.S.C. § 1983 as he does not sue any state actors.

Finally, Plaintiff's claim that the Defendant Media Editors "are violating my copyrighted trademarked name under the U.C.C. Uniform Commercial Code" fails meet the notice-pleading requirement of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff designates "Jonathan Lee Riches, a/ka/ Bernard Madoff d/b/a Steven Michael Rubinstein" as Plaintiff in the caption of the complaint, yet fails to indicate which name or names are the subject of his U.C.C. claim. He further fails to indicate which section(s) of the U.C.C. are being violated or what conduct on the part of each of the twenty-three Defendants violates the U.C.C. Because Plaintiff fails to "'give the defendant[s] fair notice of what the plaintiff's claim is and the grounds upon which it rests,'" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (citations omitted), his U.C.C. claim must be dismissed.

In conclusion, Plaintiff fails either to specify the basis of this Court's jurisdiction over his complaint or to clarify the type of action he is bringing. He bundles claims and causes of actions in one paragraph; sues twenty-three Defendants, none of whom appear to be located in Kentucky;

and fails to describe the action(s) of each.  For these reasons, the instant action will be dismissed by separate Order for lack of subject matter jurisdiction under Rule 12(h)(3) and for failure to meet the notice-pleading requirement of Rule 8(a).

Date:

cc:     Plaintiff, *pro se*
4414.005